Baker, Judge, concurring.
[1] I am compelled to concur, though I do so with great dissatisfaction. While I acknowledge that we are bound to abide by our Supreme Court's ruling in Gordon , I take the opportunity to respectfully disagree with the holding in that case.
[2] In my view, the doctor-patient relationship has always borne a common law duty in the doctor to retain her patients' medical records and, concomitantly, to produce them when asked. While the doctor maintains, updates, and stores those records, it cannot be denied that, at the end of the day, they belong-or at least partially belong-to the patient.
[3] Indeed, our General Assembly has acknowledged and codified this duty by enacting Indiana Code section 16-39-1-1(c). In so doing, the legislature confirmed that the public policy of this State is to protect the right of patients to have access to their medical records. It defies logic to conclude that by giving the Department of Health the power to enforce this right, the legislature also extinguished our common law power, as citizens, to enforce it for ourselves. To conclude on the one hand that the General Assembly acknowledged and protected this right and, on the other, that it dramatically curtailed it, is to ascribe a lack of reason to our legislators that I believe is unwarranted.
[4] If a doctor decided to have a bonfire with her patients' medical records-or, in this day and age, if she decided to terminate her relationship with the company responsible for online maintenance of those records, knowing that such termination would lead to the deletion of the records-public policy would surely dictate that her patients would have a right to recover for those actions. While there is no evidence of knowing malfeasance in the case at hand, under Gordon , the result would be the same in either situation.
[5] And that result, as acknowledged by Judge Crone, is no result at all. Because if the Department of Health is the only entity with the right to enforce Title 16, to the exclusion of individual citizens, and the *1112 right that the Department would be enforcing in this case is the right to have one's health records supplied upon request, if those records are simply gone, then there is nothing to be done. Under Gordon , there is simply no consequence whatsoever if a doctor loses her patients' medical records, whether by carelessness, malfeasance, or circumstance. I simply cannot countenance such a result. I do not believe that this furthers the public policy of Indiana, either from the perspective of the citizens or the General Assembly.
[6] To tell the citizens of this State that their physicians are required to maintain their medical records, but that there is no consequence for a failure to do so-even when that failure results in financial or health-related consequences to patients-is to make the requirement wholly meaningless. I encourage our Supreme Court to reconsider the Gordon holding. But in the meantime, as I am bound to abide by it, I reluctantly concur with the majority.